IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CANAL INSURANCE COMPANY                                                PLAINTIFF

vs.                                               CIVIL ACTION NO. 2:10CV140-KS-MTP

DONALD BOND, individually and d/b/a
DONALD BOND TRUCKING; JENELL BOND;
TINDALL CORPORATION; ELTON C. NEWSOME;
THERESA NEWSOME; and
JOHN DOES 1-5                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss for lack of subject matter jurisdiction [Doc. # 9] (July 8, 2010) filed by Defendants Elton and Theresa Newsome and their memorandum in support [Doc. # 11] (July 9, 2010). The motion is opposed by Plaintiff Canal Insurance Company [Doc. # 15]. For reasons to follow, the motion to dismiss is well taken and should be **granted**.

## I. FACTS

Elton C. Newsome, an employee of Donald Bond Trucking, was injured while working within the scope of his employment. Pl.'s Resp. 2 [Doc. #16]. On August 24, 2009, Elton Newsome was operating a semi-tractor owned by Donald and Jenell Bond at the Tindall facility in Moss Point, Mississippi, where he was picking up a Tindall trailer loaded with concrete building components. Newsome was instructed to sweep off the top of the load in the trailer to remove loose debris. While on top of the load, Elton Newsome alleges he fell, and suffered serious permanent, painful and disabling injuries to his body. Pl.'s Resp. 2. On March 30, 2010,

Elton and Theresa Newsome filed suit in the Circuit Court of Jackson County, Mississippi.

Donald Bond d/b/a Donald Bond Trucking carried an insurance policy with Plaintiff Canal Insurance Company. Pl.'s Resp. 3. Canal filed a complaint in this Court seeking a declaratory judgment regarding whether or not it has duties and obligations under the terms of the insurance policy and for public indemnity under the federally mandated MCS-90 Endorsement in the underlying state court action. Canal argues that the Court has federal question subject matter jurisdiction over the matter because the MCS-90 is federally mandated and creates certain duties, and Canal is asking the Court whether they have a duty "arising under" these requirements. Additionally, Canal claims that the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) to determine Canal's duties and obligations under the insurance policy. The Newsomes argue that the Court does not have subject matter jurisdiction over the matter because the issue is insurance contract interpretation, a matter of contract law generally left to the states, and that Canal has failed to demonstrate that there is any dispute about whether the MCS-90 requires Canal to provide public indemnity in this case.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED.R.CIV.P. 12(b)(1). "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The plaintiff bears the burden to show that the court has jurisdiction to entertain his action. *Santos v. Reno*, 228 F.3d 591, 594 (5th Cir.

2000). If the plaintiff cannot meet this burden, and "it appears that subject matter jurisdiction is lacking," then the court is required to dismiss the case, without reaching the merits. *Stockman*, 138 F.3d at 151.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). A defendant may not base jurisdiction on an anticipated or even inevitable federal defense, but instead must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *See Rivet,* 522 U.S. at 475 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)). "[T]he pleading burden to establish federal question jurisdiction is low: only claims 'patently without merit ... justify the district court's dismissal for want of jurisdiction.'" *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Suthoff v. Yazoo County Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981)); *see also John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000) (finding jurisdiction unless federal claim is immaterial, made solely to obtain jurisdiction, or wholly insubstantial and frivolous) (citations omitted).

"In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. It is well settled that the Declaratory Judgment Act does not confer subject matter jurisdiction in a federal court where it does not otherwise exist. *See Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). "Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Board*, 463 U.S. at 19.

### III. APPLICATION

The "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980" ("MCS-90") contained in the insurance policy between Canal and Bond Trucking is required by federal law to demonstrate compliance with federal motor carrier regulations that require a minimum of $750,000.00 for public liability insurance.[1] *See* 49 U.S.C. § 31139(b)(2); 49 C.F.R. §387.7(d); *Canal Ins. Co. v. First Gen. Ins. Co.*, 889 F.2d 604, 610 (5th Cir. 1989), *modified on other grounds*, 901 F.2d 45 (5th Cir. 1990). "The operation and effect of a federally mandated endorsement is a matter of federal law." *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 439 (5th Cir. 2007) (citing *Canal Ins. Co. v. First Gen. Ins. Co.*, 889 F.2d 604, 610 (5th Cir. 1989), *modified on other grounds*, 901 F.2d 45 (5th Cir. 1990); *John Deere Ins. Co. v. Nueva*, 229 F.3d 853, 856 (9th Cir. 2000)).

---

[1] By its terms, the MCS-90 amends the underlying insurance contract to ensure compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 which requires a level of financial responsibility for public liability. *See* Pl.'s Resp., Ex. A [Doc. # 15-1]. The Endorsement states: "Such insurance as is afforded for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment . . .." *Id.*

4

Neither party disputes that a MCS-90 Endorsement was made a part of the insurance contract between Donald Bond Trucking and Canal. More importantly, however, neither party disputes that the MCS-90 is not applicable in this situation because both parties agree that Elton Newsome was an employee of Donald Bond Trucking working within the scope of his employment at the time the accident occurred. Canal asserts that its Declaratory Judgment complaint demonstrates that "the issues involve disputed federal questions." Pl.'s Resp. ¶ 1 [Doc. # 15]. "Specifically, Canal is seeking to determine its obligation, if any, to pay public indemnity under the MCS-90 Endorsement." *Id.* In their Motion to Dismiss, the Newsomes note: "Canal's complaint does not even specify and explain a substantial dispute arising from interpretation of the MCS-90 endorsement as applied to Bond's coverage of the Newsome claims in the underlying suit. Thus, there plainly is no 'stated federal issue' 'actually disputed.'" Mot. to Dismiss 5 [Doc. # 9]. Again, in their reply, the Newsomes note that, "as for indemnity obligations which may exist under the MCS-90, it is undisputed that Elton Newsome, as a driver, is not a member of the public who is entitled to protection under the terms of the MCS 90." Defs.' Reply 2 [Doc. # 17].[2] In other words, Canal seeks to hinge federal jurisdiction on the possibility that Bond Trucking may assert coverage under MCS-90, which, if brought, would clearly be considered a patently meritless claim. Jurisdiction certainly cannot hinge on the mere inclusion of the MCS-90, regardless of whether there is a disputed issue arising under it. In sum, Plaintiff Canal has failed to demonstrate that federal question subject matter jurisdiction

---

[2]Of course, Canal recognizes in its own pleadings that the MCS-90 Endorsement will not apply in this case, stating, "Furthermore, since Elton Newsome was acting within the scope of his employment with Donald Bond Trucking at the time of the accident, the MCS-90 is inapplicable." Mem. Opp. Mot. to Dismiss 3 [Doc. # 16].

exists.

## IV. CONCLUSION

Canal Insurance Company has not met its burden to show that federal question subject matter jurisdiction exists under 28 U.S.C. § 1331 because there is no dispute giving rise to a claim under federal law in the case. Additionally, there is no basis for subject matter jurisdiction over truly disputed issues that remain, namely, Canal's duties and obligations arising from the insurance contract.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [Doc. # 9] is **Granted** and the case dismissed without prejudice. All other pending motions are moot.

SO ORDERED AND ADJUDGED on this, the 12th day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE